UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LEE ROBINSON,

      Petitioner,

v.

KENNETH McKEE,

      Respondent.
_____/

CASE NO. 14-13512

HONORABLE VICTORIA A. ROBERTS

**ORDER GRANTING PETITIONER'S MOTIONS
TO SUPPLEMENT HIS HABEAS PETITION (ECF NO. 9)
AND TO STAY THESE PROCEEDINGS (ECF No. 8)
AND CLOSING THIS CASE FOR ADMINISTRATIVE PURPOSES**

## I. Introduction

This matter came before the Court on petitioner Gary Lee Robinson's *pro se* habeas corpus petition challenging his state convictions for first-degree murder, Mich. Comp. Laws § 750.316(1)(a), felon in possession of a firearm, Mich. Comp. Laws § 750.224f, and possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b. The trial court sentenced Petitioner to life imprisonment for the murder conviction, two to five years in prison for the felon-in-possession conviction, and two years in prison for the felony firearm conviction.

Petitioner raised his habeas claims on direct appeal from his convictions. The Michigan Court of Appeals affirmed Petitioner's convictions, *see People v. Robinson*, No. 304936, 2013 WL 4866316 (Mich. Ct. App. Sept. 12, 2013), and on January 31, 2014, the Michigan Supreme Court denied leave to appeal. *See People v. Michigan*, 495 Mich. 936; 843 N.W.2d 202 (2014).

On September 3, 2014, Petitioner signed and dated his habeas corpus petition, and on September 9, 2014, the Clerk of the Court filed the petition.  Petitioner's grounds for relief are:  (1) his statement to the police was inadmissible in the prosecution's case in chief because the statement was obtained in violation of his constitutional right against self incrimination; (2) the exclusion of the public from his trial violated his constitutional right to a public trial; and (3) defense counsel was constitutionally ineffective when he failed to object to the closure of the courtroom to the public.  The State argues in an answer to the petition that Petitioner procedurally defaulted his second claim and that his other claims lack merit.

Currently before the Court are Petitioner's motion to supplement his habeas petition with two new claims and his motion to stay this case while he exhausts state remedies for the new claims.  The State did not file an answer to the motions.

## II.  Analysis

Petitioner seeks to supplement his habeas petition by adding the following two new claims:  (1) trial counsel was ineffective for failing to permit Petitioner to testify at the evidentiary hearing on his motion to suppress his in-custody statement; and (2) appellate counsel was ineffective for failing to investigate and raise an obvious issue on direct appeal.  These claims appear to be timely raised and they are not plainly meritless.  The Court therefore grants Petitioner's motion to supplement his habeas petition with his two new unexhausted claims about trial and appellate counsel.

With the addition of the two new claims, the habeas petition is a "mixed" petition of three exhausted claims and two new unexhausted claims.  Petitioner seeks a stay of these proceedings while he pursues state remedies for his two unexhausted claims, as

required by 28 U.S.C. § 2254(b)(1).

Federal district courts ordinarily must dismiss a habeas corpus petition containing both exhausted and unexhausted claims, *Rose v. Lundy*, 455 U.S. 509, 522 (1982), but the Antiterrorism and Effective Death Penalty Act of 1996 imposed a one-year statute of limitations for individuals who want to file a habeas corpus petition in federal court. *See* 28 U.S.C. § 2244(d). A dismissal of this case for failure to exhaust state remedies could result in a subsequent petition being barred by the statute of limitations.

In an attempt to resolve the dilemma created by the one-year statute of limitations and *Lundy's* dismissal requirement, some courts have adopted a "stay and abeyance" procedure. This procedure enables a court to stay a case and hold the habeas petition in abeyance while the prisoner returns to state court to exhaust state remedies for previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the inmate exhausts state remedies, the district court can lift its stay and allow the inmate to proceed in federal court. *Id.* at 275-76.

The stay-and-abeyance procedure is available in "limited circumstances," such as when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277-78. In those circumstances, the district court should stay, rather than dismiss, the habeas petition, because "the petitioner's interest in obtaining federal review of his claims outweighs the competing interests in finality and speedy resolution of federal petitions." *Id.* at 278.

3

Petitioner's unexhausted claims about trial and appellate counsel are not plainly meritless, and he is not engaged in dilatory litigation tactics. Furthermore, he alleges that appellate counsel was ineffective for failing to raise all his claims on direct appeal. The Court concludes that it is not an abuse of discretion to stay this case and to hold the habeas petition in abeyance while Petitioner pursues state remedies for his unexhausted claims. The Court therefore grants Petitioner's motion for a stay and to hold his habeas petition in abeyance.

If Petitioner is unsuccessful in state court and wishes to re-open this case, he must file an amended habeas corpus petition and a motion to re-open this case, using the same case number that appears on this order. The amended petition and motion to re-open this case must be filed within **ninety (90) days** of exhausting state remedies for Petitioner's two new claims. Failure to comply with this condition of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014), *cert. denied*, 135 S. Ct. 1403 (2015).

The Court orders the Clerk of the Court to close this case for administrative purposes. Nothing in this order shall be construed as an adjudication of Petitioner's claims.

>                    S/Victoria A. Roberts
>                    Victoria A. Roberts
>                    United States District Judge

Dated: May 5, 2015

The undersigned certifies that a copy of this document was served on the attorneys of record and Gary Robinson by electronic means or U.S. Mail on May 5, 2015.

S/Carol A. Pinegar
Deputy Clerk