UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY LEE ROBINSON,

    Petitioner,

                                                  CASE NO. 14-13512

v.

                                                  HONORABLE VICTORIA A. ROBERTS

KENNETH McKEE,

    Respondent.

_____/

**ORDER DENYING PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY**
**(ECF No. 23)**

      This matter comes before the Court on petitioner Gary Lee Robinson's motion for a certificate of appealability. The motion follows the Court's opinion and order denying Petitioner's habeas corpus petition and granting a certificate of appealability on only Petitioner's first claim regarding the voluntariness of his statement to the police. Petitioner alleges in his pending motion that his other habeas claims also are substantial and worthy of appellate consideration.

      The Supreme Court pointed out in *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), that "a prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327.

The Court previously granted a certificate of appealability on Petitioner's first claim. *See* 7/30/19 Op. and Order at 32. Petitioner now seeks a certificate of appealability on his remaining four habeas claims, which allege that:

> [II.] the trial court violated his Sixth Amendment right to a public trial by closing the courtroom to the public on the fourth day of trial when a cell phone rang;
>
> [III.] trial counsel's failure to object to the closure of the courtroom to the public constituted ineffective assistance;
>
> [IV.] the pretrial attorney rendered ineffective assistance by (a) failing to inform Petitioner of his right to testify at an evidentiary hearing on his motion to suppress his custodial statement and (b) failing to call a police sergeant as a witness at the hearing; and
>
> [V.] appellate counsel's failure to raise Petitioner's fourth claim on direct appeal constituted ineffective assistance.

The Court determined in its dispositive opinion that Petitioner procedurally defaulted his second claim (denial of the right to a public trial) by failing to object to the closure of the courtroom during trial. The Court also opined that Petitioner procedurally defaulted his fourth claim (ineffective assistance of pretrial counsel) by not raising that claim in his appeal of right.

Although Petitioner correctly points out in his motion for a certificate of appealability that ineffective assistance of counsel can be "cause" for a procedural default, the Court addressed that issue in its dispositive opinion. The Court concluded that Petitioner's attorneys were not ineffective and, therefore, Petitioner had not shown "cause" for his procedural defaults. *See* 7/30/19 Op. and Order at 23 and 30.

2

Furthermore, because Petitioner's claim about the closure of the courtroom lacked merit, his third claim about trial counsel's failure to object to the closure of the courtroom also lacked merit. Similarly, because Petitioner's claim about his pretrial attorney lacked substantive merit, in addition to being procedurally defaulted, Petitioner's fifth claim regarding appellate counsel's failure to raise a claim about the pretrial attorney did not warrant habeas relief.

Reasonable jurists would not disagree with the district court's resolution of habeas claims two through five. Nor would reasonable jurists conclude that claims two through five are adequate to deserve encouragement to proceed further. Accordingly, the Court denies Petitioner's motion for a certificate of appealability on claims two through five.[1]

        s/ Victoria A. Roberts
VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Date: 10/15/19

---

[1] The Court would like to take this opportunity to correct a clerical error on lines fourteen and fifteen of page three of the Court's dispositive opinion. The sentence states that Petitioner's theory of the criminal case was that Gregory Ingram was not credible. *See* 7/30/19 Op. and Order at 3. Ingram, however, was the deceased victim in the criminal case. The primary witness against Petitioner was Jason Sutton. Therefore, the sentence about Petitioner's theory of the case should begin as follows: "His theory of the case was that Sutton was not credible . . . ."